UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-81174-CIV-COHN/SELTZER

HOUSEHOLD LIFE INSURANCE COMPANY,
a Michigan corporation,

    Plaintiff,

v.

DANIEL LINCOLN; GLENDA LINCOLN; and
BRIEANNA LINCOLN,

    Defendants.
_____/

## ORDER DENYING WITHOUT PREJUDICE DEFENDANT DANIEL LINCOLN'S MOTION FOR DEFAULT JUDGMENT AND DIRECTING DEFENDANTS GLENDA LINCOLN AND BRIEANNA LINCOLN TO FILE ANSWERS

**THIS CAUSE** is before the Court on Defendant Daniel Lincoln's Motion for Default Judgment Against Defendants Glenda Lincoln and Brieanna Lincoln [DE 17] ("Motion for Default Judgment"). The Court has considered the Motion for Default Judgment, the record in this case, and is otherwise advised in the premises.

### I. BACKGROUND

This is an action pursuant to 28 U.S.C. § 1335 for Interpleader concerning the guaranteed proceeds payable on a structured settlement agreement and annuity ("Settlement Agreement") of deceased payee Shannon Nicole Lincoln ("Shannon"). The Settlement Agreement, which was created in 1992 by parties involved in a personal injury action, provides for Shannon's receipt of certain payments due in October of 2005, 2006, 2007, 2008, 2009, and 2014. Plaintiff in this action, Household Life Insurance Company ("HLIC"), holds the obligation to disperse the periodic payments

due under the Settlement Agreement.

After HLIC dispersed the first payment in October of 2005, Shannon passed away on May 9, 2006. Shannon is survived by her father Daniel, mother Glenda, and sister Brieanna. According to the Interpleader Complaint, Daniel, Glenda, and Brieanna have competing claims as to who is entitled to the remaining Settlement Agreement payments. HLIC states that its attempts to assist in resolving the parties' conflicting claims were unsuccessful. Therefore, because of HLIC's doubt as to who is entitled to the disputed payments, HLIC filed its Interpleader Complaint on October 4, 2010, in order to be relieved of multiple liability on the conflicting claims.

On November 16, 2010, Daniel filed his Answer [DE 5]. When Glenda requested extra time for herself and Brieanna to respond to the Interpleader Complaint while they sought counsel, see DE 10, the Court granted Glenda and Brieanna an extension of time through December 15, 2010 to file their Answers, DE 11. Neither Glenda nor Brieanna filed an Answer by the December 15th deadline. Accordingly, on December 16, 2010, Daniel filed his Motion for Default Judgment, seeking an Order declaring him as the primary and sole beneficiary for the Settlement Agreement proceeds and ruling that Glenda and Brieanna had no rights except for any contingent beneficiary rights. See DE 17 at 2. On December 20, 2010, Glenda wrote a letter [DE 21], stating that she has not yet retained counsel for herself and Brieanna, but that she is still attempting to do so.

## II. DISCUSSION

A district court has "the authority to enter default judgment for failure to prosecute with reasonable diligence or to comply with its orders or rules of procedure."

Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985). Federal Rule of Civil Procedure 55(a) provides, in pertinent part, that a default judgment may be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules." Fed. R. Civ. P. 55(a). "Entry of judgment by default is a drastic remedy which should be used only in extreme situations." Wahl, 773 F.2d at 1169. "There is a strong preference that cases be heard on the merits instead of imposing sanctions that deprive a litigant of his day in court." Owens v. Benton, 190 Fed. App'x 762, 763 (11th Cir. 2006).

In her letter, Glenda elects to proceed *pro se* and sets forth her version of the facts to this case. Brieanna, however, has not yet appeared in this case. No counsel has appeared on her behalf, nor has Brieanna elected to proceed *pro se*. Though Glenda seemingly purports to represent Brieanna as well as herself, see DE 21, individuals may only appear in federal court "personally or by counsel." 28 U.S.C. § 1654. Only a licensed lawyer may represent another person in court. Guajardo v. Luna, 432 F.2d 1324, 1324 (5th Cir. 1970); Roberts v. McDonough, Case No. 3:08cv245/LAC/EMT, 2008 WL 2557537, at *1 (N.D. Fla. June 23, 2008). Therefore, Glenda may not represent Brieanna in this case. However, because entry of default judgment is a drastic remedy, and because the Court prefers to hear cases on the merits, Wahl, 773 F.2d at 1169; Owens, 190 Fed. App'x at 763, the Court will deny without prejudice the Motion for Default Judgment against both Glenda and Brieanna at this time. Instead, the Court will require Brieanna to appear either personally or through counsel, and will require both Defendants to file Answers.

Finally, all *pro se* litigants must comply with the Federal Rules of Civil Procedure

3

and the Local Rules for the Southern District of Florida. Though the Court is required to construe a *pro se* litigant's pleadings liberally, the Court does not have "license to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action." GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted). The Court did not construe Glenda's letter as her Answer because the letter did not comply with the admit/deny format required under Rule 8 of the Federal Rules of Civil Procedure.

### III. CONCLUSION

For the reasons stated above, it is hereby

**ORDERED AND ADJUDGED** that Defendant Daniel Lincoln's Motion for Default Judgment Against Defendants Glenda Lincoln and Brieanna Lincoln [DE 17] is **DENIED without prejudice**. It is further

**ORDERED AND ADJUDGED** that Defendant Glenda Lincoln is directed to file an Answer to the Interpleader Complaint no later than **February 7, 2011**. Defendant Brieanna Lincoln is directed to appear either personally or through counsel and to file an Answer to the Interpleader Complaint no later than **February 7, 2011**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 20th day of January, 2011.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF